**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

POLYWAD, INC.,

     Plaintiff,

  v.

1.  ABLE'S SPORTING, INC.;
2.  AE ARMORY LLC;
3.  ANTHONY-INDUSTRIES LLC;
4.  ARNZEN ARMS LLC;
5.  ELITE ARMORY;
6.  GAMEMASTERS, INC.;
7.  GLEN'S ARMY NAVY STORE, INC.;
8.  GUNBUYER, INC.;
9.  LUCKYGUNNER, LLC;
10. MEL'S SPORT SHOP;
11. MIDWAY ARMS, INC.;
12. MUNITIONS EXPRESS, LLC;
13. OUTDOOR LIMITED;
14. R&R ARMS, INC.;
15. RELOADING UNLIMITED, LLC;
16. SAFESIDE TACTICAL LLC;
17. SALIDA GUNSHOP;
18. SMOKY MOUNTAIN GUNS AND
     AMMO, LLC;
19. TARGET SPORTS USA; and
20. THE SPORTSMAN'S GUIDE, INC.,

     Defendants.

CIVIL ACTION NO. 5:23-cv-00512

**<u>JURY TRIAL DEMANDED</u>**

**COMPLAINT WITH JURY DEMAND**

Plaintiff Polywad, Inc. ("Plaintiff" or "Polywad"), by and through its undersigned counsel,

files this Complaint for trademark infringement, unfair competition, and false designation of origin

against Defendants Able's Sporting, Inc., AE Armory LLC, Anthony-Industries LLC, Arnzen

Arms LLC, Elite Armory, GameMasters, Inc., Glen's Army Navy Store, Inc., GunBuyer, Inc.,

LuckyGunner, LLC, Mel's Sport Shop, Midway Arms, Inc., Munitions Express, LLC, Outdoor

Limited, R&R Arms, Inc., Reloading Unlimited, LLC, SafeSide Tactical LLC, Salida Gunshop, Smoky Mountain Guns and Ammo, LLC, Target Sports USA and The Sportsman's Guide, Inc. (collectively "Defendants") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, unfair competition, and false designation of origin under federal law, and unfair or deceptive practices in consumer transactions and deceptive trade practices under Georgia law.

2.      This action relates to Defendants' infringement of Plaintiff's intellectual property, including Plaintiff's federally-registered trademark, Quik-Shok®, a copy of which is attached hereto as **Exhibit A**, as well as Plaintiff's rights in its common law marks.

3.      Plaintiff seeks monetary damages and injunctive relief.

## PARTIES

4.      Polywad is a corporation organized and existing under the laws of the State of Georgia.

5.      Polywad has its principal place of business at 120 Emory Greene Dr. #1, Macon, Georgia 31210 (Bibb County).

6.      Based upon public information, Able's Sporting, Inc. is a company organized under the laws of the State of Texas.

7.      Based upon public information, Able's Sporting, Inc. may be served through its registered agent, Randhal K. Wright, located at 357 FM 1791 North, Huntsville, Texas 77320.

8.      Based upon public information, AE Armory LLC is a company organized under the

laws of the State of Indiana.

9.      Based upon public information, AE Armory LLC may be served through its registered agent, Andrew Emmenegger, located at 6121 Cheri Ct., Indianapolis, Indiana 46237.

10.     Based upon public information, Anthony-Industries LLC is a company organized under the laws of the State of West Virginia.

11.     Based upon public information, Anthony-Industries LLC may be served through its registered agent, Anthony Pustovarh, located at 381 Basham Branch Road, Jumping Branch, West Virginia 25969.

12.     Based upon public information, Arnzen Arms LLC is a company organized under the laws of the State of Minnesota.

13.     Based upon public information, Arnzen Arms LLC may be served through its registered agent, Daniel Arnzen, located at 9465 Creekwood Drive, Eden Prairie, Minnesota 55347.

14.     Based upon public information, Elite Armory is a corporation organized under the laws of the State of California.

15.     Based upon public information, Elite Armory may be served through its registered agent, LegalZoom.com, Inc., located at 101 N. Brand Blvd. 11th Floor, Glendale, California 91203.

16.     Based upon public information, GameMasters, Inc. is a corporation organized under the laws of the State of Missouri.

17.     Based upon public information, GameMasters, Inc. may be served through its registered agent, Missouri Secretary of State, located at 600 West Main, Jefferson City, Missouri 65102.

18.    Based upon public information, Glen's Army Navy Store, Inc. is a corporation organized under the laws of the State of Minnesota.

19.    Based upon public information, Glen's Army Navy Store, Inc. may be served through its registered agent, located at 701 NW 4th Street, Grand Rapids, Minnesota 55744.

20.    Based upon public information, GunBuyer, Inc. is a corporation organized under the laws of the State of Florida.

21.    Based upon public information, GunBuyer, Inc. may be served through its registered agent, John Kieser, located at 1050 S. Nova Rd., Ormond Beach, Florida 32174.

22.    Based upon public information, LuckyGunner, LLC is a company organized under the laws of the State of Tennessee.

23.    Based upon public information, LuckyGunner, LLC may be served through its registered agent, Incorp Services, Inc., located at 1585 Mallory Ln., Ste 104, Brentwood, Tennessee 37027-3036.

24.    Based upon public information, Mel's Sport Shop is a company organized under the laws of the State of Minnesota.

25.    Based upon public information, Mel's Sport Shop may be served through its registered agent, SKE Inc., located at 3536 Crestmoor Dr., Woodbury, Minnesota 55125.

26.    Based upon public information, Midway Arms, Inc. is a corporation organized under the laws of the State of Missouri.

27.    Based upon public information, Midway Arms, Inc. may be served through its registered agent, Larry W. Potterfield, located at 5875 W. Van Horn Tavern Rd., Columbia, Missouri 65203.

28.     Based upon public information, Munitions Express, LLC is a company organized under the laws of the State of Florida.

29.     Based upon public information, Munitions Express, LLC may be served through its registered agent, Stephen B. Harding, located at 251 N. Tamiami Trl., Sarasota, Florida 34243.

30.     Based upon public information, Outdoor Limited is a company organized under the laws of the State of North Carolina.

31.     Based upon public information, Outdoor Limited may be served through its managing member, David Thomas Gregory, located at 512 Townsend Avenue, High Point, North Carolina 27263.

32.     Based upon public information, R&R Arms, Inc. is a corporation organized under the laws of the State of Minnesota.

33.     Based upon public information, R&R Arms, Inc. may be served through its registered agent, Michael Hammerstrom, located at 2350 Balsam Rd. NW, Bemidji, Minnesota 56601.

34.     Based upon public information, Reloading Unlimited, LLC is a company organized under the laws of the State of Tennessee.

35.     Based upon public information, Reloading Unlimited, LLC may be served through its registered agent, Connie Boyd, located at 2011 Highway 163, Riceville, Tennessee 37370-5242.

36.     Based upon public information, Safeside Tactical LLC is a company organized under the laws of the State of Virginia.

37.     Based upon public information, SafeSide Tactical LLC may be served through its registered agent, Mitchell A. Tyler, located at 1201 Shenandoah Ave. NW, Roanoke, Virginia

24017-0000.

38.     Based upon public information, Salida Gunshop is a company organized under the laws of the State of Colorado.

39.     Based upon public information, Salida Gunshop may be served through its registrant, American Hunting and Firearms Service LLC, located at 7345 W. US Hwy 50, Salida, Colorado 81201.

40.     Based upon public information, Smoky Mountain Guns and Ammo, LLC is a company organized under the laws of the State of Tennessee.

41.     Based upon public information, Smoky Mountain Guns and Ammo, LLC may be served through its registered agent, Tyler Pipes, located at 2320 Winfield Dunn Pkwy., Sevierville, Tennessee 37876-0557.

42.     Based upon public information, Target Sports USA is a company organized under the laws of the State of Connecticut.

43.     Based upon public information, Target Sports USA may be served at 30 Fieldstone Court, Cheshire, Connecticut 06410.

44.     Based upon public information, The Sportsman's Guide, Inc. is a corporation organized under the laws of the State of Minnesota.

45.     Based upon public information, The Sportsman's Guide, Inc. may be served through its registered agent, C T Corporation System Inc., located at 100 S. 5th Str #1075, Minneapolis, Minnesota 55402.

## JURISDICTION AND VENUE

46.     This action arises under 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), the Georgia

Uniform Deceptive Trade Practices Act (O.C.G.A. §§ 10-1-370 to 10-1-375), and the Georgia Fair Business Practices Act (O.C.G.A. §§ 10-1-390 to 10-1-408).

47.     This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a) for claims arising under the Lanham Act.

48.     This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b) for the state-law claims.

49.     The Court has personal jurisdiction over Defendants because Defendants have minimum contacts within the State of Georgia and in this District, Defendants have purposefully availed itself of the privileges of conducting business in the State of Georgia and in this District, Defendants have sought protection and benefit from the laws of the State of Georgia, Defendants regularly conduct business within the State of Georgia and within this District, and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Georgia and in this District.  Defendants have purposefully injected its infringing products and services into the stream of commerce, knowing that the infringing products would be sold in Georgia.  Defendants have committed torts in or directed at entities within Georgia.

50.     For example, Defendants have and continue to supply their products and services to customers and partners in Georgia.

51.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims against Defendants occurred within Georgia and this District. Further, Polywad (the owner of the Quik-Shok® trademark) is located in this District.

## FACTUAL BACKGROUND

**Polywad**

52.     Polywad is engaged in the business of designing ammunition and consulting with companies that manufacture ammunition.

53.     The Quik-Shok® trademark at issue was duly and legally registered by the United States Patent and Trademark Office (hereinafter, the "USPTO") after full and fair examination and issued to Plaintiff on November 30, 1999.  *See* Ex. A.

54.     Polywad also has long-established common law trademark rights in the Quik-Shok® mark, which has been used. continuously in the United States since 1997.

55.     Polywad has invested heavily in the promotion of its brands and product names and has developed substantial rights in its marks.

56.     Polywad has expended significant financial investment to build and establish consumer goodwill and industry respect through its use of the Quik-Shok® mark.

57.     As a result of Polywad's extensive use, promotion, and investment in the Quik-Shok® mark, consumers have come to associate those marks with Polywad.

58.     Polywad currently offers its designs and services and it further licenses its intellectual property, and Polywad desires to protect its investment by preventing improper or unauthorized use of its trademarks, including in the context of web site content and Internet advertising.

**Defendants**

59.     Upon information and belief based upon public information, Defendants offer and/or have offered their products and services through at least the following websites:

(1)   https://www.ableammo.com;

(2)   https://www.aeammo.com;

(3)   https://anthonysfirearmwarehouse.com;

(4)   https://arnzenarms.com;

(5)   https://elitearmory.com;

(6)   https://www.gamemastersoutdoors.com;

(7)   https://www.glensoutdoors.com;

(8)   https://www.gunbuyer.com;

(9)   https://www.luckygunner.com;

(10)  https://melsoutdoors.com

(11)  https://www.midwayusa.com

(12)  https://www.munitionsexpress.com;

(13)  https://www.outdoorlimited.com;

(14)  https://rrarms.com;

(15)  https://reloadingunlimited.com;

(16)  https://www.safesidetactical.com;

(17)  https://salidagunshop.com;

(18)  https://www.smga.com;

(19)  https://www.targetsportsusa.com; and

(20)  https://www.sportsmansguide.com.

60.    Based upon public information, Defendants have been and are engaged in the business of selling hunting and/or shooting supplies.

61.    Based upon public information, Able's Sporting, Inc. advertises and/or has advertised the sale of a product it describes as "CCI Quik-Shok Varmint Rimfire Ammunition 0064, 22 Long Rifle, Hollow Point (HP), 32GR, 1540 fps, 50," shown below:



Source: https://www.ableammo.com/catalog/cci-quick-shok-varmint-rimfire-ammunition-0064-long-  rifle-hollow-point-1640-fps-rdbx-p-74006.html.

62.    Based upon public information, AE Armory LLC advertises and/or has advertised the sale of a product it describes as "CCI Quik-Shok .22 LR 32gr Segmented Hollow Point 50/box," shown below:



Source: https://www.aeammo.com/products/ammo-cci-076683000644-bw1-5666.

63.    Based upon public information, Anthony-Industries LLC advertises and/or has advertised the sale of a product it describes as "CCI/SPEER/VISTA CCI 0064 22 LR QUIK SHOK 50/100," shown below:



Source: https://anthonysfirearmwarehouse.com/store/cci-0064-22-lr-quik-shok-50100/.

64.     Based upon public information, Arnzen Arms LLC advertises and/or has advertised the sale of a product it describes as "CCI .22 LONG RIFLE QUICK-SHOK SUBSONIC 40 GRAIN SEGMENTED HOLLOW POINT," shown below:



Source: https://arnzenarms.com/product/cci/22-long-rifle-quick-shok-subsonic-40-grain-segmented-hollow-point .

65.     Based upon public information, Elite Armory advertises and/or has advertised the sale of a product it describes as "CCI 22LR QUIK SHOK 32GR 50/5000," shown below:



Source: https://elitearmory.com/shop/ammunition/cci64/.

66.     Based upon public information, GameMasters, Inc. advertises and/or has advertised the sale of a product it describes as "Quik-Shok 22 LR Subsonic 40," shown below:



Source: https://www.gamemastersoutdoors.com/cci-quik-shok-22-lr-subsonic-40-gr-0074/.

67.     Based upon public information, Glen's Army Navy Store, Inc. advertises and/or has advertised the sale of a product it describes as "CCI Quik-Shok 22 LR Subsonic 40 Grain Segmented Hollow Point - 50 Rounds," shown below:



Source: https://www.glensoutdoors.com/cci-quik-shok-22-lr-subsonic-40-grain-plated-lead-hollow-point-  50-rounds.html.

68.     Based upon public information, GunBuyer, Inc. advertises and/or has advertised the sale of a product it describes as "CCI 22 LR Subsonic Quik Shok Segmented 40 Grain JHP 50 Round Box CCI0074," shown below:



Source: https://www.gunbuyer.com/cci-22lr-quik-shok-sub-sonic-40gr-50-100-cci-74-c.html.

69.     Based upon public information, Luckygunner, LLC advertises and/or has advertised the sale of a product it describes as ".22 Long Rifle - 40 Grain Copper Plated Segmented Hollow Point Subsonic- CCI Quik-Shok- 500 Rounds," shown below:



Source: https://www.luckygunner.com/22lr-40-gr-subsonic-copper-plated-hollow-point-cci-500-rounds.

70.     Based upon public information, Mel's Sport Shop advertises and/or has advertised the sale of a product it describes as "CCI Quik-Shok 0064 22 Long Rifle Hp 32 Gr," shown below:



Source: https://melsoutdoors.com/product/cci-quik-shok-22lr-50pk.

71.     Based upon public information, Midway Arms, Inc. advertises and/or has advertised the sale of a product it describes as "CCI Quik-Shok Ammunition 22 Long Rifle 32 Grain Plated Lead Hollow Point," shown below:



Source: https://www.midwayusa.com/product/1301712296.

72.     Based upon public information, Munitions Express, LLC advertises and/or has advertised the sale of a product it describes as "CCI 22 Long Rifle Quik Shok 32 Grain Plated Lead Hollow Point," shown below:



Source: https://www.munitionsexpress.com/cci-quik-shok-22-long-rifle-subsonic-40gr-plated-lead-hollow-point-50-box/ .

73.     Based upon public information, Outdoor Limited advertises and/or has advertised the sale of a product it describes as "CCI 22LR CCI 0064 Segmented HP Quik-Shok 32 gr 1640 FPS 50 rounds," shown below:



Source: https://www.outdoorlimited.com/cci-rimfire-ammunition/cci-22lr-cci-0064-segmented-hp-quik- shok-32-gr-1640-fps-50-rounds/.

74.     Based upon public information, R&R Arms, Inc. advertises and/or has advertised

the sale of a product it describes as "CCI Ammo Quick-Shok .22LR 50Pk 1640FPS. 32Gr. Segmented Hp," shown below:



Source: https://www.rrarms.com/cci-22-long-rifle-quik-shok-32gr-slhp.html .

75.     Based upon public information, Reloading Unlimited, LLC advertises and/or has advertised the sale of a product it describes as "CCI Ammo Quik Shok 22LR," shown below:



Source: https://reloadingunlimited.com/product/cci-ammo-quik-shok-22lr/.

76.     Based upon public information, SafeSide Tactical LLC advertises and/or has advertised the sale of a product it describes as "CCI 22lr Quik Shok 32gr 50/5000," shown below:



Source: https://www.safesidetactical.com/shop/cci-22lr-quik-shok-32gr-50-5000-774.

77.     Based upon public information, Salida Gunshop advertises and/or has advertised the sale of a product it describes as "CCI RF .22 LR 32 Grain Quik-Shok 50," shown below:



Source: https://salidagunshop.com/ammo/cci-rf-22lr-32-quik-shok-50.

78.     Based upon public information, Smoky Mountain Guns and Ammo, LLC advertises and/or has advertised the sale of a product it describes as "CCI 22lr Quik Shok 32gr 50/5000," shown below:



Source: https://www.smga.com/cci/cci-0064-22-lr-quik-shok-50-rds-.

79.     Based upon public information, Target Sports USA advertises and/or has advertised the sale of a product it describes as "CCI Quik-Shok 22 Long Rifle Ammo 32 Grain Plated Lead Hollow Point," shown below:



Source: https://www.targetsportsusa.com/cci-quik-shok-22-long-rifle-ammo-32-grain-plated-
lead-hollow-point-0064-p-887.aspx.

80.     Based upon public information, The Sportsman's Guide, Inc. advertises and/or has

advertised the sale of a product it describes as "CCI Quik-Shok, .22LR, 32 Grain, 500 Rounds"

shown below:



Source: https://www.sportsmansguide.com/product/index/quik-shok-22lr-32-
grain500rounds?a=1596375.

**Polywad Contacts Defendants**

81.     In letters dated June 13, 2023, to each individual Defendant (the "June 2023

Letters"), counsel for Polywad informed respective representatives of each Defendant that its use

of the Quik-Shok® mark was unauthorized and violated Polywad's intellectual property rights. *See*

**Exhibits B-U**.

82.     Specifically, the June 2023 Letters informed each Defendant that its "[u]se of the

trademarked name Quik-Shok® creates the impression that your company somehow is related to,

affiliated with, or endorsed by Polywad." *See* Exs. B-U at p. 2.

83.     The June 2023 Letters requested, *inter alia*, that each Defendant: (1) "immediately cease and desist from any further use the Quik-Shok® mark and any related variants in any matter associated with ammunition, including segmented hollow point ammunition;" (2) confirm to Polywad, within fourteen days of the receipt of the June 2023 Letter, that each Defendant has "discontinue[d] all use of the Quik-Shok® mark and any variation thereof;" and (3) "provide an explanation of why you believe you were entitled to use Polywad's trademark to describe CCI's product." *See* Exs. B-U at pp. 2-3.

**COUNT I:   Infringement of Federally Registered Trademark (15 U.S.C. § 1114)**

84.     Plaintiff re-alleges and incorporates by reference each of paragraphs 1-83 above as though fully set forth herein.

85.     Plaintiff owns and uses the Quik-Shok® trademark described above and is identified with and has established rights to said mark.  *See* Ex. A.

86.     Defendants' use of the intellectual property owned by Plaintiff as described above, including the Quik-Shok® trademark, has been and continues to be without authority and/or license from Plaintiff.

87.     Defendants' use in commerce of intellectual property owned by Plaintiff as described above, including the Quik-Shok® trademark, is likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval of Defendants' products and services, and as to an affiliation, connection, and association of Polywad with Defendants, which does not exist now nor has it existed in the past.

88.     On information and belief based upon public information, Defendants' use of the

intellectual property owned by Plaintiff as described above is a deliberate, intentional, and willful attempt to cause confusion, to cause mistake, and to deceive purchasers.

89.     Defendants' wrongful conduct described above constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

90.     Specifically, Defendants' conduct constitutes a use in commerce of a colorable imitation of the Quik-Shok® trademark described in Ex. A in connection with the sale, offering for sale, distribution, and advertising of goods and services, and is likely to cause confusion, mistake, and deception.

91.     Defendants' conduct has irreparably damaged Plaintiff and will continue to do so unless restrained by this Court.

92.     Plaintiff is entitled to an injunction under 15 U.S.C. § 1116, as well as to damages, Defendants' profits, and the costs of this action under 15 U.S.C. § 1117(a).

**COUNT II:**  **Federal Unfair Competition; False Designation of Origin (15 U.S.C. § 1125(a))**

93.     Plaintiff re-alleges and incorporates by reference each of paragraphs 1-83 above as though fully set forth herein.

94.     Plaintiff owns and uses the Quik-Shok® mark and is identified with and has established rights to said intellectual property.  *See supra*.

95.     Defendants' use of the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, has been without authority and/or license from Plaintiff.

96.     Defendants' use in commerce of intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, is likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval of Defendants' products and services, and as

to an affiliation, connection, and association of Polywad with Defendants which does not exist now or has it existed in the past.

97.     As a result of such confusion, customers are likely to believe incorrectly that Plaintiff authorizes and controls the sale of Defendants' products or that Defendants are associated with or related to Plaintiff, which is not true.

98.     Defendants' conduct constitutes "passing off" or "palming off" by expressly or impliedly representing that products exhibiting the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, are products from Plaintiff or that Defendants' use of the Quik-Shok® mark is authorized, which is not true.

99.     Defendants' acts have injured or are likely to injure Plaintiff's reputation, business, and relations with merchants and customers by causing confusion about Plaintiff's products and services.

100.    Defendants' conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

101.    Defendants' conduct has irreparably damaged Plaintiff and will continue to do so unless restrained by this Court.

102.    Plaintiff is entitled to an injunction under 15 U.S.C. § 1116, as well as to damages, Defendants' profits, and the costs of this action under 15 U.S.C. § 1117(a).

**COUNT III: <u>Federal Unfair Competition; False Designation of Origin (15 U.S.C. § 1125(c))</u>**

103.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-83 above as though fully set forth herein.

104.    Plaintiff owns and uses the Quik-Shok® mark and is identified with and has

established rights to said intellectual property.  *See* Ex. A.

105.    Defendants' use of the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, has been without authority and/or license from Plaintiff.

106.    Defendants' use of the intellectual property owned by Plaintiff as described above has caused and continues to cause dilution of the distinctive quality of the Quik-Shok® mark. Defendants' use of the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, is a violation of 15 U.S.C. § 1125(c) because it is distinctive and famous within the meaning of the statute and Defendants' use of the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, in commerce began after the Quik-Shok® mark became distinctive and famous.

107.    Defendants' conduct has irreparably damaged Plaintiff and will continue to do so unless restrained by this Court.

108.    Plaintiff is entitled to an injunction under 15 U.S.C. § 1116, as well as to damages, Defendants' profits, and the costs of this action under 15 U.S.C. § 1117(a).

109.    In the alternative, Plaintiff is entitled to recover damages in such sum as the Court may find just according to the circumstances of the case.

**COUNT IV: <u>Georgia Fair Business Practices Act (O.C.G.A. §§ 10-1-390 to 10-1-408)</u>**

110.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-83 above as though fully set forth herein.

111.    Defendants' use of the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, has been without authority and/or license from Plaintiff.

112.    Defendants' wrongful use of the intellectual property owned by Plaintiff as

described above, including the Quik-Shok® mark, constitutes unfair or deceptive practices in consumer transactions under Georgia law, namely the "Fair Business Practices Act of 1975" (the "the Georgia Fair Business Practices Act ") which is codified at O.C.G.A. §§ 10-1-390 to 10-1-408.

113.    Defendants' conduct constitutes "passing off" under Georgia law by expressly or impliedly representing that products exhibiting the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, are products from Plaintiff or that Defendants' use of the Quik-Shok® mark is authorized, which is not true.

114.    Defendants' wrongful use of the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, constitutes causing actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of goods and services under the Georgia Fair Business Practices Act.

115.    Defendants' wrongful use of the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, constitutes causing actual confusion or actual misunderstanding as to affiliation, connection, or association with or certification by another under the Georgia Fair Business Practices Act.

116.    Defendants' acts have injured or are likely to injure Plaintiff's reputation, business, and relations with merchants and customers by causing possible confusion about Plaintiff's products and services.

117.    Defendants' conduct has irreparably damaged Plaintiff and will continue to do so unless restrained by this Court.

118.    Plaintiff is without an adequate remedy at law and is entitled to an injunction, as

well as damages in an amount to be proven at trial pursuant to the applicable provisions of O.C.G.A. §§ 10-1-390 to 10-1-408.

**COUNT V:**   **Georgia Uniform Deceptive Trade Practices Act (O.C.G.A. §§ 10-1-370 to 10-1-375)**

119.   Plaintiff re-alleges and incorporates by reference each of paragraphs 1-83 above as though fully set forth herein.

120.   Defendants' use of the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, has been without authority and/or license from Plaintiff.

121.   Defendants' wrongful use of the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, constitutes deceptive practices under Georgia law, namely the "Uniform Deceptive Trade Practices Act" (the "Georgia UDTPA") which is codified at O.C.G.A. §§ 10-1-370 to 10-1-375.

122.   Defendants' conduct constitutes "passing off" under Georgia law by expressly or impliedly representing that products exhibiting the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, are products from Plaintiff or that Defendants' use of the Quik-Shok® mark is authorized, which is not true.

123.   Defendants' wrongful use of the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, constitutes causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods and services under the Georgia UDTPA.

124.   Defendants' wrongful use of the intellectual property owned by Plaintiff as described above, including the Quik-Shok® mark, constitutes causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another

under the Georgia UDTPA.

125.    Defendants' acts have injured or are likely to injure Plaintiff's reputation, business, and relations with merchants and customers by causing confusion about the source of Plaintiff's products and services.

126.    Defendants' conduct has irreparably damaged Plaintiff and will continue to do so unless restrained by this Court.

127.    Plaintiff is without an adequate remedy at law and is entitled to an injunction, as well as damages in an amount to be proven at trial pursuant to the applicable provisions of O.C.G.A. §§ 10-1-370 to 10-1-375.

## **JURY DEMAND**

128.    Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

129.    Plaintiff respectfully requests the following relief against Defendants:

A.    An adjudication that Defendants have violated 15 U.S.C. § 1114, including subsection (1)(a);

B.    An adjudication that Defendants have violated 15 U.S.C. § 1125(a);

C.    An adjudication that Defendants have violated 15 U.S.C. § 1125(c);

D.    Entry of a preliminary injunction against Defendants pursuant to 15 U.S.C. § 1116;

E.    Entry of a permanent injunction against Defendants pursuant to 15 U.S.C. § 1116;

F.  An award to Polywad for all damages proximately caused by Defendants pursuant to 15 U.S.C. § 1117(a), including actual damages sustained by Polywad, Defendants' profits, and the costs of this action incurred by Polywad;

G.  An award to Polywad of its attorneys' fees and costs incurred in the prosecution of this action pursuant to 15 U.S.C. § 1117(a);

H.  In the alternative, an award to Polywad of its statutory damages against Defendants for all damages pursuant to 15 U.S.C. § 1117(c);

I.  A trebling of the damages incurred by Polywad for violation of 15 U.S.C. § 1114(1)(a) pursuant to 15 U.S.C. § 1117(b);

J.  An adjudication that Defendants' trade practices are unfair or deceptive under the Georgia Fair Business Practices Act. and grant to Polywad preliminary and permanent injunctive relief against Defendants together with all available damages;

K.  An adjudication that Defendants' trade practices are unfair or deceptive under the Georgia UDTPA and grant to Polywad preliminary and permanent injunctive relief against Defendants together with all available damages;

L.  An Order that Defendants deliver to Polywad or destroy all products, advertising materials, and other things in Defendants' possession or control bearing the Infringing Mark;

M.  An Order that Defendants file with the Court and serve on Polywad an affidavit setting forth in detail the manner and form in which Defendants have complied with the terms of the injunctive relief order by the Court; and

N.   Any further relief that this Court deems just and proper.

DATED:  <u>December XX, 2023</u>          */s/ James F. McDonough, III*

                                                Timothy C. Davis (AL Bar No. 6834D63T)*
                                                **HENINGER GARRISON DAVIS, LLC**
                                                2224 1st Avenue North
       Birmingham, Alabama 35203
       Telephone: (205) 327-9115
       Facsimile: (205) 807-2715
       Email: tim@hgdlawfirm.com

       James F. McDonough, III (GA Bar No. 117088)
       Jonathan R. Miller (GA Bar No. 507179)
       **ROZIER HARDT MCDONOUGH PLLC**
       659 Auburn Avenue NE, Unit 254
       Atlanta, Georgia 30312
       Telephone: (404) 564-1866, -1863
       Email: jim@rhmtrial.com
       Email: miller@rhmtrial.com

       C. Matthew Rozier (CO 46854)*
       **ROZIER HARDT MCDONOUGH PLLC**
       500 K Street, 2nd Floor
       Washington, District of Columbia 20005
       Telephone: (404) 779-5305
       Email: matt@rhmtrial.com

       ***Attorneys for Plaintiff POLYWAD, INC.***

                        ** admission *pro hac vice* anticipated

**LIST OF EXHIBITS**

A.  Registration of the Trademark, Quik-Shok®

B.  June 13, 2023 Letter to ABLE'S SPORTING, INC.

C.  June 13, 2023 Letter to AE ARMORY LL

D.  June 13, 2023 Letter to ANTHONY-INDUSTRIES LLC;

E.  June 13, 2023 Letter to ARNZEN ARMS LLC

F.  June 13, 2023 Letter to ELITE ARMOR

G.  June 13, 2023 Letter to GAMEMASTERS, INC.;

H.  June 13, 2023 Letter to GLEN'S ARMY NAVY STORE, INC.

I.  June 13, 2023 Letter to GUNBUYER, INC.

J.  June 13, 2023 Letter to LUCKYGUNNER, LLC

K.  June 13, 2023 Letter to MEL'S SPORT SHOP

L.  June 13, 2023 Letter to MIDWAY ARMS, INC.

M.  June 13, 2023 Letter to MUNITIONS EXPRESS, LLC

N.  June 13, 2023 Letter to OUTDOOR LIMITED

O.  June 13, 2023 Letter to R&R ARMS, INC.

P.  June 13, 2023 Letter to RELOADING UNLIMITED, LLC

Q.  June 13, 2023 Letter to SAFESIDE TACTICAL LLC

R.  June 13, 2023 Letter to SALIDA GUNSHOP

S.  June 13, 2023 Letter to SMOKY MOUNTAIN GUNS AND AMMO, LLC

T.  June 13, 2023 Letter to TARGET SPORTS USA

U.  June 13, 2023 Letter to THE SPORTSMAN'S GUIDE, INC.