# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **POLYWAD, INC.,**<br><br>*Plaintiff.*<br><br>v.<br><br>**ABLE'S SPORTING, INC.,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:23-cv-00512-TES** |

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT

Before Plaintiff Polywad, Inc., filed its Amended Complaint [Doc. 78], several Defendants filed motions to dismiss Plaintiff's original Complaint [Doc. 1]. Specifically, the first group of Defendants moved to dismiss on the basis that Plaintiff failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).[1] [Doc. 66]. The second group of Defendants joins in Group 1's 12(b)(6) Motion and additionally argues that they are not subject to personal jurisdiction in Georgia pursuant to Rule 12(b)(2).[2] [Doc. 67]. Third, Defendant GameMasters, Inc., likewise

---

[1] The first group of Defendants includes Defendants AE Armory LLC ("AE Armory"), Florida Gun Exchange, Inc. d/b/a Gunbuyer ("Gunbuyer"), Midway Arms, Inc. ("Midway Arms"), Delmic Enterprise LLC d/b/a Target Sports USA ("Target Sports"), and Sportsman's Guide LLC ("Guide").

[2] Defendants Arnzen Arms LLC ("Arnzen"), Glen's Army Navy Store, Inc. ("GANS"), SKE, Inc., dba Mel's Sport Shop ("MSS"), Munitions Express, LLC ("ME"), American Hunting and Firearms Services LLC dba Salida Gunshop ("Salida Gunshop"), and Smoky Mountain Guns and Ammo, LLC ("SMGA").

argues that it is not subject to personal jurisdiction in Georgia and joins in Group 1's 12(b)(6) Motion to Dismiss for failure to state a claim. [Doc. 68]. Since then, however, Plaintiff filed an Amended Complaint [Doc. 78], rendering the Defendants' in-bulk motions to dismiss moot.

Under black-letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original pleading is abandoned by the amendment, and [it] is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (initial pleading "bec[o]me[s] a legal nullity").

But, an original complaint would still have legal effect if "the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). An amended complaint that does not incorporate the prior pleading, however, moots "the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." *Wimberly v. Broome*, No. 6:15-cv-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (citing cases).

The Court has reviewed Plaintiff's Amended Complaint and found no reference to, or adoption of, any allegations set forth in its original Complaint.

Therefore, Plaintiffs' Amended Complaint is the operative pleading in this case as to all Defendants except Safeside Tactical, LLC, and renders moot the Defendants' pending Motions to Dismiss.[3] Accordingly, the Court **DENIES as moot** Defendants' Motion to Dismiss. [Doc. 66]; [Doc. 67]; [Doc. 68].

**SO ORDERED**, this 9th day of April, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] The Original Complaint will remain operative as to Defendant Safeside Tactical, LLC, because Safeside filed its Rule 12(b) Motion to Dismiss [Doc. 12] more than 21 days before Plaintiff filed its Amended Complaint. *See Ferreyros v. Cox Operating LLC*, No. 1:24-00021-KD-C, 2014 WL 1241961, at *2 n.2 (S.D. Ala. Mar. 22, 2024) ("In cases involving multiple defendants, a plaintiff may file an amended complaint as of right concerning only those defendants who, at the time the plaintiff files his amendment, have not yet filed an answer or a Rule 12(b), (e), or (f) motion . . . .") (quoting *Villery v. D.C.*, 277 F.R.D. 218, 219 (D.D.C. 2011); *see Villery*, 277 F.R.D. at 219 ("[T]he plaintiff may not file his amendment as a matter of right concerning those defendants who filed an answer or a Rule 12(b), (e), or (f) motion more than 21 days before the plaintiff attempts to make such a filing.")).